JUAN VINCENTY-RAMOS, Plaintiff and Appellant, v. JOSÉ DAMIÁN, ERNESTO RUBÉN, CARLOS ANÍBAL and EVAN EMILIO DOMÍNGUEZ Y DEL MORAL, minors represented by their father with *patria potestas*, JOSÉ A. DOMÍNGUEZ, Defendants and Appellees.

No. 3682. Argued December 2, 1925.—Decided February 26, 1926.

*José Sabater* for the appellant. *Pascasio Fajardo Martínez* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action in denial of servitude of light and views. In the complaint it is alleged that the plaintiff and the defendants are owners respectively of two urban properties on Hostos street, Mayagüez, separated by an alley about two feet wide belonging to the plaintiff; that in the wall of the west side of the property of the defendants they have four

large open windows with direct views over the property of the plaintiff; that in the registry of property there is no note, record or mention of any right by which the plaintiff's property is made servient to the defendants' property, nor has there been any agreement or contract creating such servitude, and that there has never been any opposing act by which it may have been acquired.

Although the defendants admitted the material facts of the complaint, except that they alleged ownership of one-third of the alley and denied that there had been no opposing act favoring their right, in the cross-complaint filed by them at the same time praying for judgment to the effect that their right is based on prescription for more than 20 years, they defined such acts in the following manner:

"The defendants allege . that in neither of the records of the properties of litigants is recorded the servitude by which the plain-tiff's house is servient to that of the defendants by virtue of the right which the prior owners who built the house of the cross-complainants had to build it in the way it is at present as regards the wall adjoining the house of the plaintiff and cross-defendant and its windows in controversy, which right was up to this date recognized and respected by all; and the defendants allege that even if plaintiff Vincenty y Ramos should have any right to exact that things be changed in the defendants' house, that right has been entirely lost to Vincenty by virtue of the prescription of such right, which was never asserted during all the time allowed him by the law."

In support of the judgment rendered by the lower court against the plaintiff it stated, among others, the following conclusions:

". . . and it is proved that during this lapse of time of more than 20 years the defendants have not been disturbed or in any form required to close the windows as now prayed for. Neither the former owners of the house, which at present belongs to the plaintiff, nor the plaintiff himself when he bought it, nor when the house of the defendants was rebuilt by reason of the earthquakes, nor at any time, has any objection or indication been made against the existence of the windows in the house of the defendants and now the cause of this

controversy, and if this is so, and if the time elapsed is more than twenty years, it is logical to conclude that the defendants' house has acquired by prescription, the action being a personal action, the servitude of light and views over the property or house of the plaintiff, since actions are extinguished and barred by prescription when they have not been brought within the time to that effect respectively fixed. (Judgment of April 10, 1872, Supreme Court of Spain.)''

As may be noticed from the reasoning of the court below, prescription is made dependent upon the lapse of more than 20 years during which the mere tolerance of the plaintiff and his predecessors in title constitutes the only ground on which the defendants believe themselves entitled to keep their window open in the wall of their property with direct views over the plaintiff's property, and no mention is made of the existence of opposing acts from which the defendants could plead and sustain prescription. The evidence indicates nothing in that respect and consequently the case falls under the authority of that of *Garcia* v. *Garcia*, 25 P.R.R. 119. After reaching the conclusion in that case that not a public street but an alley separated the two houses, the circumstances of this case are very analogous. And after a careful study of the facts, the existing law and the old law applicable, this court said:

''We have cited two judgments rendered prior to the enactment of the Civil Code in order to show that the principles formerly governing this matter were substantially the same as those laid down in the code. And while it is true that it was the Civil Code which fixed a distance of two meters in the case of direct views, it is also true that no right ever existed to have such views by means of doors and windows opened in a wall adjoining the property of a different owner. And this is the case of the defendant. Neither under the old law nor under the Civil Code could the defendant or his predecessor in title lawfully open the doors and windows which now exist in the said wall, as they did. Their action was contrary to law and the defendant can not plead the lapse of time for the acquisition of his alleged right to continue keeping open the said doors and windows against the will of the owner of the adjoining property, unless he had

shown the commission of the 'obstructive act' referred to in the jurisprudence cited and the running of the prescription period after the commission of such act.''

■ The opinion concludes· as follows:

''If mere tolerance does not create any right, it is not important to consider the element of time. The person who has voluntarily tolerated the act may at any time change his attitude and claim and obtain the full acknowledgment of his rights.''

The appellees allege, however, that the *Garcia Case, supra,* is applicable only to houses having a party wall and then is when the word ''contiguity'' has a correct significance. Without citation of authorities or jurisprudence establishing the distinction, the argument of the appellees is too vague to produce conviction.

It seems well to make clear, however, the contention of the appellant on that point by saying that even if two houses are separated by an alley or a strip of land, both are contiguous to the border of the dividing line that separates them and from that limit the distance to which section 589 of the Civil Code refers should be determined.

■ The facts, on the other hand, that the house of the defendants was built prior to that of the plaintiff, which does not appear to be proved, and that the views do not reach the interior of the plaintiff's house, are not to be taken into account in the application of said section 589, for the distance must be fixed when constructing the views. *Vallecillo* v. *Vidal,* 33 P.R.R. 325.

Assuming most favorably for the appellees that they are the owners of one-third of the alley, the west wall in which the four windows were constructed with direct views would be only eight inches from the plaintiff's urban property.

For the foregoing reasons the judgment appealed from must be reversed.